IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICKY G. DAVIS,

                      Plaintiff,                      OPINION AND ORDER

    v.

                                                            14-cv-004-wmc

BARRON COUNTY JUSTICE CENTER,
BRANCH 1,

                      Defendant.

---

      Plaintiff Ricky Glenn Davis alleges that Judge J.C. Babler, a circuit court judge for the County of Barron, Wisconsin, discriminated against him as a transgendered person in dismissing complaints against the Wisconsin Department of Workforce Development, Equal Rights Division. Davis asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit Davis has provided the court, the court concluded that he was unable to prepay the fee for filing this lawsuit. (Dkt. #3.) The next step is determining whether any of plaintiff's proposed claims (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because Davis has failed to state a claim on which relief may be granted, the court will deny plaintiff leave to proceed and dismiss this action.

      Furthermore, because this is the *fourth* complaint plaintiff has filed and been denied leave to proceed with a lawsuit in this court against a judge arising out of conduct

of his official duties, for which the judge has absolute immunity from suit,[1] the court will direct the clerk of court to route directly to chambers any further pleading Davis files in this court. If the pleading appears to raise claims that can be heard in this court, it will be returned to the clerk's office with instructions to open a new case file. If the pleading suffers from the same problem as here, it will be deemed dismissed without order and given no further consideration. *See Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). Davis is warned that he risks additional sanctions, including monetary penalties, if he continues to abuse court resources with frivolous filings.

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In his complaint, Davis alleges, and the court assumes for purposes of this screening order, the following facts:

Davis filed at least three complaints against the Wisconsin Department of Workforce Development, Equal Rights Division ("DWD ERD") in Barron County Circuit Court. Each of these complaints was dismissed by Judge J.C. Babler.[2] Davis

---

[1] *See* Case Nos. 10-cv-344, 10-cv-183, and 10-cv-244.

[2] Davis attached several documents to his complaint, including a December 4, 2013, opinion and order from the Wisconsin Court of Appeals, in which the court dismissed his appeal for lack of jurisdiction because it was untimely. (Compl., Ex. 6 (dkt. #1-7.) In that opinion and order, the court further noted that the complaints were dismissed because of Davis's failure to serve authenticated copies of the summons and complaint. (*Id.* at 2.)

Contends that the complaints were dismissed because of Judge Babler's bias against bi-sexuals, gays, lesbians, and transgendered people. He seeks $50 million in damages.

OPINION

Judge Babler and any other judge of the Barron County Justice Center, Branch I, is entitled to absolute immunity from damages for all actions taken as part of their judicial (as opposed to executive or administrative) functions, even when they act maliciously or corruptly. *See Mireles v. Waco*, 502 U.S. 9 (1991) (noting that allegations of bad faith or malice are insufficient to defeat absolute judicial immunity, which may be overcome only by showing that the complained of actions were nonjudicial in nature or were taken in the complete absence of all jurisdiction). This immunity is *not* for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public which has an interest in a judiciary free to exercise its function without fear of harassment by unsatisfied litigants. *Pierson v. Ray*, 286 U.S. 547, 554 (1967). Here, Davis takes issue with Judge Babler's dismissal of his complaints. This act is a judicial function and entitled to absolute immunity.

ORDER

IT IS ORDERED that:

1) plaintiff Ricky Glenn Davis's complaint is DISMISSED for his failure to state a claim;

2) the clerk's office is directed to close this case; and

3

3) all future motions, complaints or other materials filed by plaintiff in this district will be forwarded to chambers without judicial action unless the court orders otherwise.

Entered this 6th day of October, 2014.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        WILLIAM M. CONLEY
                                        District Judge